## McAVOY *v.* THE MIGNON.[1]

*(District Court, E. D. New York.* May 12, 1888.

COLLISION—BETWEEN STEAM AND SAIL—LUFFING.
 The sloop T., sailing across New York bay from Bay Ridge, and the steam-yacht M., proceeding down the bay, came in collision. The only question involved in the case was whether the sloop held her course. On the evidence, *held,* that the sloop luffed without perceiving the proximity of the yacht, and that this was the cause of the collision.

In Admiralty. Libel for damages.
*Alexander & Ash,* for libelant.
*Blandy & Hatch,* for claimant.

BENEDICT, J. · This action arose out of the collision which occurred in the bay of New York, on the 14th day of September, 1885, between the yacht Mignon and the sloop Typhoon. The yacht Mignon was a small steam-yacht, at the time proceeding down the bay to see the race between the Genesta and the Puritan. The wind was light from E. S. E., and the tide high water slack. The sloop was tacking down the bay. At Bay Ridge she tacked, and came on to the port tack, and stood over across the bay. When about the middle of the channel, the sloop and the yacht came in collision, the boom of the sloop running into the starboard door forward of the yacht's cabin. Both vessels were damaged. For the damages to this sloop the action is brought. On the part of the sloop it is claimed that she held her course, and while on her course was run into by the yacht because of the failure of those on the yacht to see her. On the part of the yacht it is contended that the sloop crossed the yacht's bows on her course, and then suddenly came into the wind, and so threw herself in the way of the yacht when it was impossible for the yacht to avoid her. The case turns upon the question whether

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

the sloop held her course or not. The case presents this peculiarity: that neither the master nor any of the crew of the yacht were called as witnesses. The absence of the master is excused by his being sick. The owner of the yacht was standing by the pilot-house at the time of the accident, and a gentleman, a guest, was also standing there, with two ladies, also guests, at the time of the accident. These are the only witnesses on the part of the yacht. They all concur in stating that the reason of the collision was a sudden luff into the wind by the sloop, just after she had passed the bow of the yacht. These witnesses also testify that the master of the sloop, at the time of the accident, stated that he did not see the yacht, and that the collision was owing to his fault. The owner of the yacht also testifies that a few days after the accident the owner of the sloop called at his office to ascertain the damages, and there admitted his liability to pay. On the part of the libelant three witnesses are called, being the owner and crew of the sloop. These witnesses all assert that the sloop held her course, and did not come into the wind. The admission of the owner, testified to by those on the yacht, is denied by the owner of the sloop. The absence of any of the crew of the yacht renders it somewhat unsatisfactory to determine the case upon the testimony presented. My impression from the testimony adduced is that the race, then about to start from a point below the sloop, engrossed the attention of those on the sloop, and that they came into the wind with the idea of coming near to the fleet attending the racing yachts, without observing the proximity of the yacht. The race and fleet below them furnished a sufficient motive for such a maneuver on the part of the sloop. It is difficult to see how the yacht could fail to see the sloop, because the sloop was sailing between them and the racing fleet ahead of them, and equally difficult to account for her not avoiding the sloop, if the sloop held her course. I incline also to believe the testimony of the yacht as to the admissions. My conclusion, therefore, is that the collision in question was not caused by any fault on the part of the yacht, and the libel must be dismissed, with costs.